IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN L.,[1]

           Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

           Defendant.

Case No. 3:20-cv-00106-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      John L. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.   PLAINTIFF'S APPLICATIONS**

Plaintiff was born in April 1963, making him fifty-three years old on April 1, 2016, his amended alleged disability onset date. (Tr. 60.) Plaintiff has some college education and has past relevant work experience as a construction worker, intake worker, and bartender. (Tr. 20, 25.) In his applications, Plaintiff alleged disability due to memory loss, post-concussion syndrome, a torn rotator cuff, chronic pain, high blood pressure, and high cholesterol. (Tr. 61.)

The Commissioner denied Plaintiff's applications initially and upon reconsideration, and on April 20, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 15.) Plaintiff and a vocational expert ("VE") appeared and testified at an administrative hearing held on August 2, 2018. (Tr. 33-59.) On November 21, 2018, the ALJ issued a decision denying Plaintiff's applications. (Tr. 12-26.) On November 14, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff now seeks judicial review of the ALJ's decision. (Compl. at 1-2.)

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform other

PAGE 3 – OPINION AND ORDER

work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

### III.  THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 15-26.) At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since April 1, 2016, his alleged disability onset date. (Tr. 17.) At step two, the ALJ determined Plaintiff suffered from the following severe impairments: "[D]egenerative joint disease of the left shoulder; labral tear of the left shoulder; and alcohol use disorder[.]" (Tr. 18.) At step three, the ALJ concluded Plaintiff did not have an impairment that meets or equals a listed impairment. (Tr. 19.) The ALJ then concluded Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to these limitations: (1) Plaintiff can occasionally crawl and climb ladders, ropes, and scaffolds, (2) Plaintiff can occasionally reach overhead with his left upper extremity, and (3) Plaintiff should avoid concentrated exposure to hazards such as unprotected heights, moving mechanical parts, and operating a motor vehicle as part of his job requirements. (Tr. 19.) At step four, the ALJ concluded Plaintiff was able to perform his past work as an intake worker and bartender. (Tr. 25.) At step five, the ALJ determined Plaintiff was not disabled. (Tr. 25.)

### DISCUSSION

In this appeal, Plaintiff argues the ALJ erred by failing to include mental limitations in the RFC assessment, and pose hypothetical questions to the VE that accounted for all of Plaintiff's credible mental limitations. As explained below, the Court concludes the

PAGE 4 – OPINION AND ORDER

Commissioner's decision is free of harmful legal error and supported by substantial evidence in the record. Accordingly, the Court affirms the Commissioner's denial of benefits.

I.      PLAINTIFF'S RFC

The ALJ determined Plaintiff was capable of light work subject to specific physical limitations and did not include any mental limitations. (Tr. 19.) Plaintiff argues the ALJ mischaracterized the overall assessment of Pamela Miller, Ph.D. ("Dr. Miller"), and ignored Dr. Miller's assessed mental limitations despite giving her opinion "significant weight." (Pl.'s Br. at 8.) The Commissioner responds that the ALJ's RFC findings are supported by substantial evidence in the record. (Def.'s Br. at 3.)

   A.     Applicable Law

The RFC is the most a person can do, despite his physical or mental impairments. 20 C.F.R. § 404.1545. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available at* 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008) (affirming the ALJ's translation of moderate functional limitations into the claimant's RFC).

"Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE." *Leroy M. v. Comm'r, Soc. Sec. Admin.*, No. 6:18-cv-0632-HZ, 2019 WL 4276996, at *6 (D. Or. Sept. 10, 2019) (quoting *Rhinehart v. Colvin*, No. 2:15-cv-01704-AC, 2016 WL 7235680, at *12 (D. Or. Dec. 12, 2016) and citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001)).

///

PAGE 5 – OPINION AND ORDER

B.  Analysis

Plaintiff argues the ALJ erred by failing to include any mental limitations in his RFC. Specifically, Plaintiff argues that despite giving Dr. Miller's 2018 opinion "significant" weight, the ALJ erred by ignoring the moderate mental limitations Dr. Miller assessed for Plaintiff. The Court disagrees.

In Dr. Miller's 2018 opinion, she assessed no or only mild limitations for Plaintiff with respect to the following categories: "Understand, Remember, or Apply Information"; "Interact with Others"; and "Adapt or Manage Oneself." (Tr. 527-28.) Under the "Concentrate, Persist, or Maintain Pace" category, Dr. Miller assessed no evidence of limitations with respect to (i) completing tasks in a timely manner; (ii) working at an appropriate and consistent pace; and (iii) working a full day without needing more than the allotted number or length of rest periods during the day"; and she assessed only mild limitations with respect to sustaining regular attendance at work. (Tr. 528.) Dr. Miller assessed moderate limitations only with respect to Plaintiff's ability to (i) ignore or avoid distractions; and (ii) work close to or with others without interrupting or distracting them. (*Id.*)

The ALJ specifically addressed Dr. Miller's assessment of limitations with respect to each of these categories:

> In July 2018, [Dr. Miller] submitted a completed treating source questionnaire on behalf of the claimant. She diagnosed the claimant with PTSD. She opined that the claimant had mild to no limitations in understanding, remembering, or applying information; interacting with others; and adapting or managing oneself[.] Within concentration, persistence, and pace, she indicated that the claimant would be moderately limited in ignoring, avoiding, and causing distractions, but would otherwise be able to complete tasks in a timely manner while working at an appropriate pace and sustaining regular work attendance.

(Tr. 24) (internal citations omitted). In other words, the ALJ weighed the evidence, and determined that, on balance, Dr. Miller had concluded that Plaintiff was "able to complete tasks

PAGE 6 – OPINION AND ORDER

in a timely manner while working at an appropriate pace and sustaining regular work attendance." (*Id.*; *see also* Tr. 18, the ALJ concluded that "[Dr. Miller] did assess moderate difficulties in avoiding distractions for himself and others, but overall her assessment is mild"). Thus, the ALJ evaluated Dr. Miller's opinion in its entirety, weighed each of her assessments with respect to moderate, mild, or no limitations, determined that her overall assessment reflected only mild limitations, and concluded that "[Dr. Miller's 2018] opinion is consistent with the residual functional capacity statement." (Tr. 24.)

The ALJ also appropriately concluded that Dr. Miller's 2018 opinion reflecting an overall mild assessment "is consistent with the remaining medical evidence record, including essentially normal mental status examinations throughout the adjudicative period; no use of psychiatric medications; and generally pleasant and cooperative presentation during office visits and examinations." (*Id.*, citing Tr. 300, 306, 317, 319, 324, 457-58, 490, 517, 522; *see also* Tr. 21, "In reaching the conclusion as to the claimant's residual functional capacity, the undersigned finds that the supplied nonmedical evidence also fails to support his allegation that he is incapable of all work activity, and suggests that his functional limitations are not as significant and limiting as have been alleged."). Thus, the ALJ's evaluation of Dr. Miller's 2018 opinion, and resulting RFC determination, was supported by substantial evidence in the record.[2]

The ALJ weighed the evidence and translated into the RFC all of Plaintiffs' limitations that were supported by substantial evidence, and posed hypothetical questions to the VE consistent with Plaintiff's RFC. Accordingly, the Court concludes that the ALJ did not err in

---

[2] To the extent the "evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (simplified); *see also Massachi*, 486 F.3d at 1152 ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (simplified).

PAGE 7 – OPINION AND ORDER

formulating Plaintiff's RFC that accounted for all of Plaintiff's credible limitations, nor in posing hypothetical questions to the VE. *See Sam B. v. Comm'r of Soc. Sec.*, No. 2:19-CV-00354-DWC, 2019 WL 5541347, at *4 (W.D. Wash. Oct. 28, 2019) ("[T]he RFC assessment and the hypothetical questions posed to the VE were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical question posed to the VE were proper."); *Diane M. v. Comm'r of Soc. Sec.*, No. 3:17-cv-01971-BR, 2018 WL 6440889, at *8 (D. Or. Dec. 6, 2018) ("[T]he Court concludes the ALJ did not err when he assessed Plaintiff's RFC and he accounted for all credible limitations in his assessment.").

## CONCLUSION

Based on the foregoing reasons, the Court AFFIRMS the Commissioner's decision because it is free of harmful legal error and supported by substantial evidence in the record.

**IT IS SO ORDERED.**

DATED this 26th day of April, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 8 – OPINION AND ORDER